UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GRAYR POGOSOVICH YERIKYAN, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | C12-1260 TSZ <br> (related to CR10-311 TSZ) <br><br> ORDER |

THIS MATTER comes before the Court on petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

Petitioner Grayr Pogosovich Yerikyan was convicted by a jury of Conspiracy to Commit Bank Fraud, Bank Fraud, and Conspiracy to Commit Unlawful Production of Identification Documents, sentenced to 66 months imprisonment, followed by five years of supervised release, and ordered to pay $644,169 in restitution. In his § 2255 motion, Yerikyan asserts that John R. Muenster, who was the second attorney to represent him, failed to provide effective assistance of counsel by advising him not to accept a more favorable plea offer from the Government. According to Yerikyan, the Government extended a plea offer contemplating a guideline range of 46-to-57 months and restitution

ORDER - 1

in the amount of $388,891.23.  Yerikyan, however, has presented no evidence of such plea offer having been formally made by the Government.

The record reflects that, while Yerikyan was still represented by prior counsel, Terrence Kellogg, the Government made two alternative proposals, one of which would have resulted in a guideline range of 46-to-57 months, and the other of which would have resulted in a guideline range of 57-to-71 months, but which would have allowed Yerikyan to argue against the "leader or organizer" enhancement, with the hope of persuading the Court to reduce the range to 41-to-51 months.  *See* Ex. B to Muenster Decl. (docket no. 15-1 at 20-21).  After Kellogg was permitted to withdraw and Muenster appeared as counsel of record, the Government sent Muenster a written offer for Yerikyan to plead to the two conspiracy counts, in exchange for the Government's dismissal of the Bank Fraud charge, with an estimated guideline range of 57-to-71 months, a stipulated loss amount of $400,000-to-$1,000,000, and agreed restitution in the amount of $540,379.23.  Ex. C to Muenster Decl. (docket no. 15-1 at 25-36).  Yerikyan declined this plea offer and proceeded to trial.

**Discussion**

In connection with his § 2255 motion, to establish ineffective assistance of counsel, Yerikyan must show that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In asserting that Muenster's performance was deficient, Yerikyan relies on *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), in which the parties agreed that counsel acted deficiently by advising the state habeas petitioner to reject a plea offer based on an

ORDER - 2

assessment that he could not be convicted at trial. In contrast, in this case, no similar stipulation has been entered. Yerikyan claims that Muenster told him (i) not to accept the plea offer, (ii) the Bank Fraud and Conspiracy to Commit Bank Fraud counts would be dropped, and (iii) he would be convicted of only Conspiracy to Commit Unlawful Production of Identification Documents, resulting in a sentence of only up to 24 months. Muenster denies (i) advising Yerikyan to turn down the plea offer, (ii) telling Yerikyan that the Government's evidence was insufficient to convict, or (iii) saying that two counts would be dropped and Yerikyan would receive a 24-month sentence. The Court need not resolve this factual dispute or hold an evidentiary hearing concerning whether Muenster's performance was deficient because Yerikyan does not make the showing of prejudice required by *Strickland* and *Lafler*.

*Lafler* teaches that, when a habeas petitioner claims he rejected a plea on counsel's deficient advice, to satisfy the prejudice prong of the *Strickland* standard, the petitioner must show that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 132 S. Ct. at 1385. Yerikyan cannot make the requisite showing because he received a sentence within the guideline range contemplated in the only written plea offer sent to Muenster by the Government, and the restitution imposed was within the range of loss the Government

ORDER - 3

proposed. Moreover, Yerikyan's sentence is comparable to those of his co-defendants, Sarkis Dishchyan and Gevorg Martirosyan, who were sentenced to 40 months and 30 months, respectively, taking into account their and Yerikyan's roles in the offenses at issue.

**Conclusion**

For the foregoing reasons, Yerikyan's § 2255 motion is DENIED. In addition, because "jurists of reason" could not conclude that the issue presented is "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), a certificate of appealability is DENIED. The Clerk is DIRECTED to close this case.

DATED this 30th day of May, 2013.

*[signature]*
THOMAS S. ZILLY
United States District Judge

ORDER - 4